## Stokes's Appeal.

*William F. Berkowitz*, for appellant; *Alexander Love, Jr.*, for petitioner.

MacNeille, J., April 23, 1932.—This is an appeal from the decision of the board of registration commissioners from their order striking from the registration records the name of Edward Lowber Stokes, who had registered from No. 1708 Locust Street.

On such an appeal the matter is heard *de novo* and the burden is on the petitioner to overcome the presumption that the voter's registration is regular.

At the hearing before the court two investigators of the commission said they found the voter had a house in Haverford Township in addition to the home which he claimed at No. 1708 Locust Street, in Philadelphia County. They had visited the house in Haverford Township and found it completely closed, unoccupied and not being used. At No. 1708 Locust Street they found that the voter had his place of business and on two upper floors an apartment containing three bedrooms, dining room, living room and other facilities.

The petitioner called as a witness the voter, Edward Lowber Stokes, thus making him the petitioner's own witness.

Stokes testified that it was his intent and purpose to make his permanent residence at No. 1708 Locust Street, and for that purpose he actually had living facilities, and, when not absent in Washington about his duties as a congressman, he intended to make his home at No. 1708 Locust Street, and has done

so since establishing it over sixty days before registration; that since establishing his home at No. 1708 Locust Street he has not stayed, nor has his family stayed, at the Haverford Township house; that since he has been in Congress his family has made only one visit to Pennsylvania, and then they stayed at the home No. 1708 Locust Street and not at Haverford Township.

There is no denial of his testimony that he has maintained his home at No. 1708 Locust Street for the necessary sixty-day period prior to election. It is not necessary for a congressman to remain at his residence during a session of Congress—in fact, it is incumbent upon him to be at the Congress, which would necessitate his presence in Washington. It is natural that he should have his family with him wherever he goes. We see nothing wrong in this. There is no testimony contradicting him, and we see nothing in the testimony offered that creates any doubt of his intention to make his home at No. 1708 Locust Street. In addition to that, all the evidence discloses that he has actually prepared, and now maintains, a home at No. 1708 Locust Street, and there is nothing to show that he has made the slightest use of the Haverford house as a home during the prescribed time.

In order to establish a residence there must be in fact a residence, and there must be an intention. We think both exist in this case.

We have read Kelly's Appeal, 9 D. & C. 666, and Com. v. Devine, 14 Dist. R. 1, and Graham's Petition, 2 D. & C. 205, and in line with those cases we feel obliged to say that Congressman Stokes is properly registered. He has testified that for forty-two years of his life he has been a resident of Philadelphia County, and that while he did live in the Haverford Township house during the winters of three years, that, nevertheless, his home at No. 1708 Locust Street is his permanent abode.

Wherefore, the appeal is sustained, and we direct that a proper decree be prepared requiring the registration commission to retain on the list of voters the name of Edward Lowber Stokes of No. 1708 Locust Street.